Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Blvd., Penthouse
Beverly Hills, California 90212
Telephone:  310.888.7771
Facsimile:   310.888.7771

Attorneys for Plaintiff,
JOAN MYLES, individually and
on behalf of all others similarly situated

ADR

FILED
NOV - 9 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNTITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN MYLES, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ALLIEDBARTON SECURITY SERVICES, LLC, a Delaware Limited Liability Company; ALLIED SECURITY HOLDINGS, LLC, a Delaware Limited Liability Company; SPECTAGUARD ACQUISITION, LLC, a Delaware Limited Liability Company; and DOES 1 through 100,<br><br>*Defendants*. | Case No: C12-5761 DMR<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1) Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198);<br>2) Failure to Provide Rest Periods (Lab Code §§ 204, 223, 226.7, and 1198);<br>3) Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a));<br>4) Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203); and<br>5) Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joan Myles (hereafter "Plaintiff"), on behalf of herself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class and representative action against defendants Allied Barton Security Services, LLC, a Delaware Limited Liability Company, Allied Security Holdings, LLC, a Delaware Limited Liability Company; Spectaguard Acquisition, LLC, a Delaware Limited Liability Company, and Does 1 through 100 inclusive ("Defendants") for alleged violations of the Labor and Business and Professions Codes.

2. As set forth below, Plaintiff alleges that Defendants have failed to pay her and similarly situated employees all vested vacation pay, failed to provide them with all required meal and rest periods, failed to provide them with accurate written wage statements, and/or failed to timely pay them all of their final wages following separation of employment. Based on these alleged Labor Code violations, Plaintiff seeks to recover in this class action unpaid wages, restitution, and related relief on behalf of herself and all others similarly situated.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and (d). This case is brought as a class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff is informed and believes that the parties are citizens of different states and more than 5 million dollars in controversy.

4. Venue is proper under 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district and at least one of the Defendants resides within this judicial district.

## PARTIES

A. **Plaintiff**

5. Plaintiff is an individual who, at all relevant times, was employed by Defendants in the State of California as a Security Officer.

B. **Defendants**

6. Defendant AlliedBarton Security Services, LLC is a Limited Liability Company organized under the laws of Delaware.

7. Defendant Allied Security Holdings, LLC is a Limited Liability Company organized under the laws of Delaware.

8. Defendant Spectaguard Acquisition, LLC is a Limited Liability Company organized under the laws of Delaware.

9. Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-100, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

10. Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

10. At all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy and practice of not paying Plaintiff and other members of the below-described classes in accordance with applicable California labor laws as alleged herein.

## GENERAL ALLEGATIONS

11. Defendants employed Plaintiff as a Security Officer in California until September of 2012. As a Security Officer, Plaintiff was provided an employee handbook that generally detailed the terms and conditions of employment with Defendants. The employee handbook outlined the vacation pay policy applicable to California employees. Defendants employee handbook failed to advise employees of the applicable meal and rest periods laws in California.

12. Defendants employ both full-time and part-time individuals. These workers are primarily engaged in hourly, non-exempt duties. Plaintiff seeks to represent all employees who worked as Security Officers in the State of California during the relevant time period.

13. Plaintiff and the classes described below seek monetary damages, restitution, and civil penalties for Defendants' failures to provide meal and rest periods, pay vested vacation wages, and pay for all hours worked.

## MEAL AND REST PERIODS

14. During her employment with Defendants, Plaintiff was regularly deprived of full, uninterrupted thirty (30) minute meal periods on each day that she worked. In addition, Plaintiff was regularly deprived of two uninterrupted thirty (30) minute meal periods on each day that she worked ten (10) hours or more in a day.

15. As a Security Officer, Plaintiff was required to be relieved from duty in order to leave her assigned work station. During her employment with Defendants, Plaintiff was never relieved from duty in order to take a legally compliant meal period.

16. Defendants also failed to advise Plaintiff and Class Members of their legal rights to take meal periods in accordance with California law. Defendants failed to provide Plaintiff or Class Members with written policies outlining their rights to take meal periods during the course of a workday. Moreover, if meal breaks were taken, they they were not provided at the appropriate times as required by law. Plaintiff is informed and believes that Class Members were deprived of full and complete meal periods as alleged herein.

17. Defendants failed to obtain valid written meal waivers from Plaintiff or other Class Members. California law requires that meal period waivers be documented in a written agreement that is voluntarily signed by both the employee and employer. 8 Cal. Code Regs. § 11040(11). Defendants failed to execute the meal period waivers provided to its employees. Defendants also failed to inform Plaintiff and Class Members of their legal right to revoke a written meal period waiver at any time. Neither Plaintiff nor Class

Members executed lawful meal period waivers in accordance with California law.

11. During their employment with Defendants, Plaintiff and other Class Members were also deprived of statutorily required rest periods in accordance with Labor Code § 226.7 and the applicable Wage Order. Defendants directed or required Plaintiff and Class Members to obtain employer authorization before permitting them to take required rest periods. Defendants failed to permit and authorize Plaintiff and Class Members to take all required rest periods and failed to pay them additional premium wages when required rest periods were not provided.

18. Defendants also failed to advise Plaintiff and Class Members of their legal rights to take rest periods in accordance with California law. Defendants failed to provide Plaintiff or Class Members with written policies outlining their rights to take rest periods during the course of a workday. Plaintiff is informed and believes that Class Members were deprived of legally compliant rest periods as alleged herein.

19. Because Plaintiff and Class Members were prevented from taking proper meal and/or rest breaks, they are entitled to an additional hour of pay for each workday that meal and/or rest period was not provided in accordance with applicable law. Cal. Lab. Code § 226.7(b); 8 Cal. Code Regs. § 11160 (11).

## FAILURE TO PAY VACATION PAY

11. Plaintiff had earned and unpaid vested vacation pay at the time of her termination from employment. Defendants failed to compensate Plaintiff for any earned and unpaid vested vacation at the time of termination from employment.

12. Plaintiff is informed and believes and thereon alleges that Defendants have maintained policies and/or practices that do not provide for proportionate accruals of vacation time as services are rendered. As a result, Defendants have subjected the vested vacation time of both Plaintiff and Class Members to unpaid forfeiture in violation of California law.

## WAITING TIME PENALTIES

13. At the time of termination from employment, Defendants failed to pay

Plaintiff premium wages for missed meal and rest periods and for all vested vacation benefits in accordance with California law. As a result of the unlawful labor practices alleged herein, Plaintiff was not paid all earned and unpaid wages upon termination from employment.

## CLASS-ACTION ALLEGATIONS

14. Plaintiff brings this action on behalf of herself and all others similarly situated as a class action under Rule 23(a) of the Federal Rules of Civil Procedure.

15. The class and subclass members are defined as follows:

16. <u>Relevant time period</u>: The relevant time period is defined as the time period beginning four years prior to to the filing of the complaint and ending when final judgment is entered.

**Meal Break Class**: All hourly employees of Defendants in California who worked as a Security Officer during the relevant time period and worked a shift in excess of five hours.

**Second Meal Break Class**: All hourly employees of Defendants in California who worked as a Security Officer during the relevant time period and worked a shift in excess of ten hours.

**Rest Break Class**: All hourly employees of Defendants in California who worked as a Security Officer during the relevant time period and worked a shift in excess of four hours.

**Vacation Pay Class**: All employees of Defendants in California during the relevant time period who earned vested vacation without receiving compensation for each the vested vacation at the time of termination from employment.

**Wage Statement Penalties Class**: All **Meal Break Class, Second Meal Break Class, Rest Break Class**, and/or **Vacation Pay Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Former Employee Class**: All California employees of Defendants, including, but not limited to, the **Meal Break Class, Second Meal**

**Break Class, Rest Break Class** and/or **Vacation Pay Class**, who separated from Defendants' employment during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class:** All **Meal Break Class, Second Meal Break Class, Rest Break Class**, and/or **Vacation Pay Class** members employed by Defendants in California during the relevant time period.

17. This action has been brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined above.

18. <u>Numerosity</u>: Class members are so numerous that joinder of all class members is impracticable. Plaintiff is informed and believes and thereon alleges that the number of class members exceeds the minimum number required for purposes of numerosity under both California and Federal law.

19. <u>Typicality</u>: Plaintiff's claims are typical of the claims of other class members. Plaintiff has suffered the same or similar injuries as other class members based on courses of conduct which Plaintiff is informed and believes has resulted from policies and/or practices to which both she and other class members were subject.

20. <u>Commonality</u>: Class members share common legal and factual questions that predominate over any questions unique to individual class members, including, but not limited to:

    A. Have Defendants maintained a policy or practice of failing to Class Members with meal periods?

    B. Have Defendants maintained a policy or practice of failing to provide Class Members with rest periods?

    C. Have Defendants failed to pay additional wages to Class Members when they have not been provided with required meal or rest periods?

D. Whether Defendants have failed to provide for proportionate accruals for vested vacation time to Class Members as required by California law?

E. Have Defendants subjected the vacation time they offer to Class Members to unlawful forfeiture?

F. Have Defendants failed to provide Class Members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages?

G. Have Defendants applied policies or practices to Class Members that result in late and/or incomplete final wage payments?

H. Are Defendants liable to Class Members for waiting time penalties under Labor Code § 203?

I. Are Class Members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

J. Whether Class Members are entitled to equitable relief in the form of restitution?

K. Whether Defendants' alleged misconduct was intentional?

21. <u>Adequacy of Class Representative</u>: Plaintiff will fairly and adequately represent the interests of other Class Members. Plaintiff has no known conflicts of interest with other Class Members and will vigorously prosecute this action on behalf of them.

22. <u>Adequacy of Class Counsel</u>: Plaintiff is represented by counsel experienced in labor and employment and class action litigation dedicated to vigorously prosecuting this action.

23. This action has been brought and may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure. Class Members are similarly

situated persons and there are common questions of law and fact that predominate over any questions that solely affect individual Class Members. Class action treatment is also superior to all other methods for fairly and efficiently adjudicating this controversy because it will allow a large number of similarly situated persons to both simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail.

24. In addition, because the monetary amounts due to many individual Class Members are likely to be relatively small, both the burden and expense of individual litigation would make it exceptionally difficult, if not impossible, for individual Class Members to seek and obtain relief. A class action will also serve the important public interest of permitting Class Members harmed by Defendants' allegedly unlawful conduct to effectively pursue recovery of the sums owed to them.

25. Further, Plaintiff is unaware of any difficulties that is likely to be encountered in the management of this case as a class action.

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

(Lab. Code §§ 204, 223, 226.7, 512, and 1198)

(On Behalf of Plaintiff, the Meal Break Class, and the Second Meal Break Class)

26. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

27. At all relevant times, Plaintiff and **Meal Break Class** have been non-exempt employees of Defendants and thus have been entitled to the full protections of both the Labor Code and the applicable Wage Order(s).

28. Labor Code § 204 requires employers to timely pay earned wages to their employees for all labor that their employees normally perform by no later than the regularly scheduled payday for that pay period and for all labor in excess of that which their employees normally perform by no later than the regularly scheduled payday for the next pay period.

29. Labor Code § 223 prohibits an employer from secretly paying an employee a lower wage than required by contract or statute while purporting to pay the designated wage.

30. Labor Code § 512 and Section 11 of the Wage Order require that employers provide uninterrupted meal periods of no less than 30 minutes to employees who work shifts of at least 5 hours.

31. Labor Code § 512 and Section 11 of the Wage Order require that employers provide two uninterrupted meal periods of no less than 30 minutes to employees who work shifts of at least 10 hours.

32. Labor Code § 226.7 and Section 11 of the Wage Order require that employers pay an additional hour of wages to non-exempt employees at their regular rates of compensation when they are not provided with a meal period required under the Wage Order.

33. Compensation for missed meal periods constitutes wages within the meaning of Labor Code § 200.

34. Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

35. At all relevant times during her employment, Defendants failed to pay premium wages to Plaintiff when she worked five (5) hours without being provided with a meal period.

36. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to **Meal Break Class** members when they worked five (5) hours without being provided with a meal period.

37. At all relevant times during her employment, Defendants employed Plaintiff for shifts of ten (10) or more hours without providing her with second meal periods and without paying her premium wages.

38. Plaintiff is informed and believes that, at all relevant times during the

applicable limitations period and as matters of policy and practice, Defendants have employed **Second Meal Break Class** members for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages.

39. Section 11 of the Wage Order states: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

40. At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Break Class** and **Second Meal Break Class** members have not subject to a valid on-duty meal period agreement with Defendants.

41. Defendants failed to obtain valid written meal waivers from Plaintiff, **Meal Break Class**, and **Second Meal Break Class** members. California law requires that meal period waivers be documented in a written agreement that is voluntarily signed by both the employee and employer. 8 Cal. Code Regs. § 11040(11). In addition, Defendants failed to advise Plaintiff and Class Members that they could revoke any meal period waiver by written request at any time. Plaintiff, **Meal Break Class**, and **Second Meal Break Class** members did not execute lawful meal period waivers in accordance with California law.

42. Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of herself, **Meal Break Class** and **Second Meal Break Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

43. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of

herself, **Meal Break Class** and **Second Meal Break Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7, and 1198)

### (On Behalf of Plaintiff and the Rest Break Class)

44. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

45. At all relevant times, Plaintiff and **Rest Break Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the both Labor Code and the Wage Order.

46. Labor Code § 204 requires employers to timely pay earned wages to their employees for all labor that their employees normally perform by no later than the regularly scheduled payday for that pay period and for all labor in excess of that which their employees normally perform by no later than the regularly scheduled payday for the next pay period.

47. Labor Code § 223 prohibits an employer from secretly paying an employee a lower wage than required by contract or statute while purporting to pay the designated wage.

48. Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

49. Labor Code § 226.7 and Section 12 the Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with a required rest period.

50. Compensation for missed rest periods constitutes wages within the

1 | meaning of Labor Code § 200.

2 | 51. At all relevant times, Defendants have failed to provide Plaintiff with a net rest period of at least ten minutes for each four hour work period, or major portion thereof, and have failed to pay her premium wages at her regular rate of pay on workdays they failed to provide her with the required rest period.

52. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Rest Break Class** members with net rest period of at least ten minutes for each four hour work period, or major portion thereof, and have failed to pay them premium wages at their respective regular rates of pay on workdays they failed to provide them with the required rest periods.

53. Pursuant to Labor Code §§ 218.6 and 226.7, Plaintiff, on behalf of herself and **Rest Break Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

54. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Rest Break Class** members, seeks to recover reasonable attorneys' fees.

### THIRD CAUSE OF ACTION
### WAGE STATEMENT PENALTIES
### (Lab. Code § 226)
### (By Plaintiff and Wage Statement Penalties Class)

55. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

56. Pursuant to Labor Code § 226(a), Defendants have been obliged to provide Plaintiff and **Wage Statement Penalties Class** members, either semimonthly or at the time of each payment of wages, accurate itemized statement showing, among other things, all applicable hourly rates of pay in effect during the pay period, their corresponding number of hours worked at each applicable rate, and gross and net wages earned.

57. By failing to pay premium and vacation wages to Plaintiff as set forth above, Defendants have furnished her with written wage statements that do not accurately reflect all of her applicable rates of pay, hours worked, corresponding wages earned at each applicable rate, and amounts of gross and net wages.

58. Plaintiff is informed and believes and thereon alleges that by failing to pay premium and vacation wages to **Wage Statement Penalties Class** members as set forth above, Defendants have furnished them with written wage statements that do not accurately reflect all of their applicable rates of pay, hours worked, corresponding wages earned at each applicable rate, and amounts of gross and net wages.

59. Plaintiff is informed and believes and thereon alleges that Defendants' failures to provide her and **Wage Statement Penalties Class** members with accurate wage statements have been intentional, in that Defendants have, at all relevant times, had the ability to provide them with accurate wage statements but, instead, have intentionally provided them with inaccurate wage statements as a result of not correctly calculating their applicable rates of pay, hours worked, corresponding wages earned at each applicable rate, and amounts of gross and net wages.

60. Plaintiff and **Wage Statement Penalties Class** members have suffered injuries due to Defendants' failures to provide them with accurate written wage statements. Their legal rights to receive accurate wage statements have been violated and they have been misled about the rates at which their wages are to be paid and the amounts of wages they have been paid. In addition, the absence of accurate information has prevented immediate challenges to allegedly unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has caused inaccurate information about wages and wage deductions to be submitted to government agencies.

61. Pursuant to Labor Code § 226(e), Plaintiff, on behalf of herself and **Wage Statement Penalties Class** members, seeks to recover the greater of actual damages or

1  $50 for the initial pay period in which a § 226(a) violation occurred, the greater of actual
2  damages or $100 for each violation of § 226(a) in a subsequent pay period, up to the
3  greater of actual damages or an aggregate $4,000 penalty per class member, as well as
4  awards of reasonable attorneys' fees and costs, all in amounts subject to proof.

## FOURTH CAUSE OF ACTION
## WAITING TIME PENALTIES
## (Lab. Code §§ 201-203)
## (Plaintiff and Former Employee Class)

62. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

63. At all relevant times, Plaintiff and **Former Employee Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of their final wages (i.e., all wages earned and unpaid before discharge or resignation).

64. At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

65. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least 72 hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

66. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than 72 hours-notice of resignation have been entitled to payment of all final wages within 72 hours of giving notice of resignation.

67. Labor Code § 203 provides that the wages of an employee shall continue as a penalty from the due date until the wages are paid for up to 30 days where an employer willfully fails to timely pay earned and unpaid wages in violation of Labor Code §§ 201 or 202.

68. During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with Labor Code § 201 by failing to timely pay her

any of her final wages and by failing to timely pay her all of her final wages in the form of earned and unpaid premium and/or vacation wages.

69. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Former Employee Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

70. Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Former Employee Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them any final wages and/or by failing to timely pay them all final wages, including, but not limited to, earned and unpaid premium and/or vacation wages.

71. Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to her and **Former Employee Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

72. Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of herself and **Former Employee Class** members, seeks waiting time penalties from the dates that their final wages first become due until paid, up to a maximum of 30 days, and interest thereon.

73. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Former Employee Class** members, seek awards of reasonable costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
## UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code § 17200 *et seq.*)
### (On Behalf of Plaintiff, the Vacation Pay Class, and the UCL Class)

74. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

75. Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

### *Vacation Pay Class*

76. At all relevant times, Plaintiff and **Vacation Pay Class** members have been employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

77. Labor Code § 204 requires employers to timely pay earned wages to their employees for all labor that their employees normally perform by no later than the regularly scheduled payday for that pay period and for all labor in excess of that which their employees normally perform by no later than the regularly scheduled payday for the next pay period.

78. Labor Code § 223 prohibits an employer from secretly paying an employee a lower wage than required by contract or statute while purporting to pay the designated wage.

79. Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

80. Pursuant to the California Supreme Court's decision in *Suastez v. Plastic Dress-Up Co.*, 31 Cal. 3d. 774 (1982) and Labor Code § 227.3, vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

81. At all relevant times, Defendants have maintained policies that do not provide for proportionate accruals of vacation time as required under *Suastez*.

82. At all relevant times, Defendants have subjected the vested vacation time of both Plaintiff and **Vacation Pay Class** members to unpaid forfeiture as a result of maintain policies that do not provide for proportionate accruals of vacation time as

services are rendered.

83. Plaintiff is informed and believes and thereon alleges that, at all relevant times and in violation of Labor Code § 227.3, Defendants' have failed to tender earned and unpaid vacation pay at the time of termination to Plaintiff and **Vacation Pay Class** members in accordance with Defendants' written policies.

84. During the applicable limitations period, Defendants violated Plaintiff's rights by failing to pay her all earned and unpaid wages in violation of Labor Code §§ 201, 204, 223, 227.3, and 1998.

85. During the applicable limitations period, Plaintiff is informed and believes and thereon alleges that Defendants violated the rights of members of the **Vacation Pay Class** by failing to pay them all earned and unpaid wages in violation of Labor Code §§ 201, 202, 204, 223, 227.3, and/or 1198.

86. Plaintiff has lost money or property as a result of unfair competition in that Defendants have not paid her for all vested and unused vacation pay during her employment and/or upon termination of employment in violation of Labor Code §§ 201, 204, 223, 227.3, and/or 1198.

87. Defendants have, or may have, acquired money or property from **Vacation Pay Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have not paid class members for all of their vested and unused vacation pay during their employment and/or upon termination of employment in violation of Labor Code §§ 201, 204, 223, 227.3, and/or 1198.

### *UCL Class*

88. Through their alleged violations of the Labor Code and the Wage Order as alleged herein, Defendants have engaged in unfair and unlawful conduct that amounts to and constitutes unfair competition under Business and Professions Code § 17200, *et seq.*, and have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations under the Labor Code and the Wage Order.

*Myles v. AlliedBarton Security Services, LLC*                         Class Action Complaint

89. Plaintiff has suffered injuries in fact and lost money or property as a result of Defendants' unfair competition in that they have retained her earned premium and vacation pay wages.

90. Plaintiff is informed and believes that Defendants may have acquired money or property through unfair competition from **UCL Class** members in that Defendants may have wrongfully retained class members' earned premium and vacation pay wages.

91. The identity of the persons to whom restitution should be made is a matter that can be ascertained from those records that Defendants are required by law to keep and maintain and that they have kept and maintained.

### *Relief Sought*

92. Plaintiffs' efforts in securing the requested relief will result "in the enforcement of an important right affecting the public interest," as "a significant benefit, whether pecuniary or nonpecuniary, [will] be[] conferred on . . . a large class of persons." Code Civ. Proc. § 1021.5. Moreover, because "the necessity and financial burden of private enforcement . . . are such as to make [an attorney's fee] award appropriate, and [because attorneys'] fees should not in the interest of justice be paid out of the recovery, if any," id., Plaintiffs request that the Court also award reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5

93. Pursuant to Business and Professions Code § 17205, the remedies and penalties provided by § 17200 *et seq.* are cumulative to the remedies and penalties available under all other laws of this state.

94. Pursuant to Business and Professions Code §§ 17203–17204, Plaintiff, on behalf of herself, the **Vacation Pay Class**, and the **UCL Class**, seeks an order awarding restitution of all earned and unpaid wages that Defendants acquired, or may have acquired, by means of unfair competition in amounts subject to proof

95. Pursuant to Labor Code §§ 218.6 and 227.3, Code of Civil Procedure § 1021.5, the common fund doctrine, and the substantial benefit doctrine, Plaintiff, on

behalf of herself, the **Vacation Pay Class**, and the **UCL Class** members, seeks to recover unpaid vacation wages, interest thereon, costs of suit, and reasonable attorneys' fees in amounts subject to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

- A. An order that the action be certified as a class action;
- B. An order that Plaintiff be appointed class representative;
- C. An order that counsel for Plaintiff be appointed class counsel;
- D. Damages;
- E. Restitution;
- F. Declaratory relief;
- G. Statutory penalties;
- H. Pre-judgment interest;
- I. Costs of suit;
- J. Reasonable attorneys' fees; and
- K. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Dated: November 5, 2012

LAW OFFICE OF SHAUN SETAREH

*/s/*

SHAUN SETAREH, Attorney for Plaintiff, JOAN MYLES, an individual and an behalf of all others similarly situated