UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN MYLES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALLIEDBARTON SECURITY SERVICES, LLC, et al.,<br><br>　　　　Defendants. | Case No.  12-cv-05761-JD<br><br>**SECOND ORDER DENYING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 77 |

Plaintiff Joan Myles, on behalf of herself and a putative class of approximately 11,500 security officers, has sued her former employer, AlliedBarton Security Services, for penalties under California Labor Code § 203. The parties previously moved for approval of a proposed class settlement, which the Court denied on November 12, 2014. Dkt. No. 68. The Court denied the request because the proposed deal was replete with indicia that it would benefit the defendant and class counsel at the expense of the absent class members. The parties filed a second proposed class settlement on December 12, 2014. *See* Dkt. No. 77. While they tried to portray the new proposal as a fresh start, they failed correct many of the prior problems that doomed the first effort. Consequently, the Court denies the proposed class settlement for a second time and restores this case to the trial schedule previously ordered.

The Court detailed in the first order the relevant legal standards and the ways in which the prior proposal failed to pass review, and will not repeat that. *See* Dkt. No. 77. Many of those flaws were carried over here. The changes the parties do propose in this round include:

　　1. The release covers claims that "could have been pleaded based on the facts <u>and legal theories</u> alleged in the operative Complaint," and does not include federal Fair Labor Standards Act claims. *See* Dkt. No. 77-3 ¶ 81 (underlining indicates added

1  text).

2,3  2. The notice period is increased from 45 days to 90 days, plus an additional 30 days for notice packets that are re-mailed. *Id.* ¶ 49.

4,5  3. Attorneys' fees are reduced from 30% of the gross fund to 20% of the gross fund, or $350,000. *See id.* ¶ 66.

6,7  4. The service payment to the named plaintiff is reduced from $7,500 to $5,000. *See id.* ¶ 67.

8,9,10  5. *Cy pres* recipients are removed, so that if the number of claims result in payouts of less than 50% of the gross settlement amount, the payments to each of the claimants is increased until the 50% threshold is reached. *See id.* ¶ 59.

While these are all marginal improvements, the parties have not addressed the two most fundamental issues. First, the settlement amount is extremely low in comparison to the only mathematical estimates of liability provided by the parties, and the parties have not provided any justification for the steeply discounted settlement amount. Myles estimates total potential liability at $18,975,000, based on multiplying the average hourly wage of the putative class ($12.50) by their average daily shift of right hours, multiplied by the approximate average delay in payment of vacation pay under California Labor Code § 203 (15), multiplied by the average number of people in the putative class (11,500), plus a PAGA penalty of $100 per class member and a California Labor Code § 226 penalty of $50 class member. *See* Dkt. No. 77 at 24. The Court realizes, of course, that litigation is risky, and that "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice v. Civil Service Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982) (citation omitted). But the gross settlement amount -- $1,750,000 -- is a tiny fraction of the total potential liability recoverable at trial, and that fraction is reduced right off the top by class counsel fees, settlement administrator costs, and a named plaintiff "incentive" before the class members see a penny. Once they do, the baseline payment per class member is likely to be around $114. *See* Dkt. No. 77-1 ¶ 12. And many (probably most) of the putative class members will never make a claim, *see* Nicholas M. Pace and William Rubenstein, "Shedding Light on Outcomes in Class Actions," in

*Confidentiality, Transparency, and the U.S. Civil Justice System* 22, 46 (Joseph W. Doherty, Robert T. Reville, and Laura Zakaras, eds., 2008), reducing AlliedBarton's payout to as little as half of the already paltry gross settlement amount.  With a statute like California Labor Code § 203, whose references to "penalties" clearly contemplate a deterrent effect, that is an additional strike against the settlement.  It is a strike that might be mitigated by a convincing explanation of how the settlement amount was arrived at, but no such explanation has been forthcoming from the parties.

Second, because the release covers putative class members who received notice even if they made no claim for money, "[AlliedBarton's] liability would be limited on a 'claims-made' basis …. But the release is not imposed on a 'claims-made' basis."  *Kakani v. Oracle Corp.*, No. 06-cv-06493-WHA, 2007 WL 1793774, at *5 (N.D. Cal. Jun. 19, 2007).  The Court previously informed the parties that such a wide disjunction between the scope of the release and the scope of liability would be grounds for denial, but the parties did not take that instruction to heart.  That, in combination with the proposed settlement's other flaws, necessitates denial of preliminary approval.

The Court has not addressed every problem with the revised settlement here.  It set out a fuller explanation of the problems with the previous settlement in its prior order, and to the extent those problems remain unfixed, they remain factors precluding approval of the revised settlement.

AlliedBarton mentioned at the hearing that it plans to move for summary judgment.  The most recent scheduling order in this case sets the deadline for motions for summary judgment and motions for class certification as February 9, 2015.  *See* Dkt. No. 76.  The parties are expected to hold to those deadlines, and to the previously ordered trial schedule.

**IT IS SO ORDERED**.

Dated: January 9, 2015

_____
JAMES DONATO
United States District Judge